**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────

**ITALIANA COKE, S.r.l.,**

                  **Plaintiff,**          08 Civ. 4725 (JGK)

       - against -            **MEMORANDUM OPINION AND ORDER**

**UNITED COAL COMPANY, LLC,**

                  **Defendant.**
───────────────────────────────

**JOHN G. KOELTL**, District Judge:

    The defendant, United Coal Company, LLC ("United Coal"), moves pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3), and 28 U.S.C. §§ 1404 and 1406, to dismiss the Complaint filed by the plaintiff, Italiana Coke, S.r.l. ("Italiana Coke"), for lack of personal jurisdiction or improper venue, or in the alternative, to transfer this action to the Eastern District of Virginia.[1]

I

    The following facts and procedural history are undisputed unless otherwise indicated.[2]  The plaintiff is an Italian corporation with its headquarters in Italy.  The defendant is a

───────────────

[1] The defendant also moves, in the alternative, to stay the proceedings in this action until the parallel proceedings before Judge Jerome B. Friedman in the Eastern District of Virginia, No. 2:08 Civ. 212, have concluded.  Because those proceedings have concluded, the motion to stay is moot.
[2] The facts and procedural history set forth here largely reproduce those set forth in Judge Friedman's thorough Opinion in No. 2:08 Civ. 212, familiarity with which is assumed.

Virginia limited liability company with its headquarters in Virginia.  Neither party regularly transacts business in New York, nor maintains offices or employees there.

From April 2006 through March 2008 the defendant, through its subsidiaries, supplied the plaintiff with metallurgical or hard coking coal in connection with the plaintiff's production of steel.  The commercial relationship between the parties was governed by one-year "Sale and Purchase Agreements" that ran from April 1st through March 31st of the following year.  Each of the Agreements contained a choice of law provision that provided that all disputes relating to the Agreements would be governed by New York law, and a forum selection clause compelling the parties to arbitrate all disputes relating to the Agreements in New York.

The disputed issue in this case is whether the parties were under contract for the period from April 2008 through March 2009.  In December 2007, representatives from both parties met in Stockholm, Sweden to negotiate an Agreement for the period from April 2008 through March 2009.  After the meeting, the parties exchanged emails about the negotiations and also exchanged drafts of a contract, all of which, according to the plaintiff, contained the same choice of law, venue, and arbitration provisions that had been in the previous Agreements.

2

On April 3, 2008, representatives from both parties met in New York, New York. According to the plaintiff, the purpose of the meeting was to sign an Agreement for the period from April 2008 through March 2009 that had already been entered into at the Stockholm meeting and subsequently circulated between the parties. At the meeting, the defendant surprised the plaintiff by claiming that no contract existed, and insisting that the plaintiff buy coal from the defendant at the "spot" price, which was more than double the price allegedly agreed upon in Stockholm. According to the defendant, the purpose of the meeting in New York was to continue negotiating an Agreement for the April 2008 through March 2009 term. The plaintiff surprised the defendant by insisting that a contract had already been finalized in Stockholm. The parties both acknowledge that at the New York meeting, they resolved certain issues relating to the prior year's Agreement and left open the resolution of the dispute over whether an Agreement existed for the April 2008 through March 2009 term.

On May 7, 2008, prior to the filing of this action, United Coal filed a Complaint in the Eastern District of Virginia, No. 2:08 Civ. 212, seeking a declaratory judgment that no contract existed for the April 2008 through March 2009 term. Italiana Coke moved to dismiss the case, or in the alternative, to transfer the case to the Southern District of New York. On May

3

29, 2008, Italiana Coke filed the present action in this Court for breach of contract against United Coal, seeking a declaratory judgment that a valid contract did exist, and that the parties must arbitrate their disputes in accordance with the arbitration clause in that contract.  Italiana Coke also seeks specific performance and monetary damages resulting from United Coal's breach.  United Coal has moved to dismiss this action or transfer the case to the Eastern District of Virginia, and that motion is before the Court.

On August 15, 2008, Judge Jerome B. Friedman granted Italiana Coke's motion to transfer No. 2:08 Civ. 212 from the Eastern District of Virginia to the Southern District of New York.  In his Opinion, Judge Friedman held that the district court for the Eastern District of Virginia lacked personal jurisdiction over Italiana Coke.  Judge Friedman also analyzed whether this Court would have personal jurisdiction over Italiana Coke, and whether venue would be proper here, answering both questions in the affirmative.  Although Judge Friedman's analysis is not binding on this Court and was conducted with respect to Italiana Coke, the Court finds it persuasive with respect to whether there is jurisdiction in this district over United Coal, and whether venue would be proper in this district.

II

"The amenability of an out-of-state corporation to suit in a federal district court is determined by the law of the state in which the district court sits." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 102-03 (2d Cir. 2006). In New York, a court has personal jurisdiction over a non-domiciliary defendant if the state long-arm statute is satisfied and jurisdiction comports with due process. See Fischbarg v. Doucet, 880 N.E.2d 22 (N.Y. 2007). The long-arm statute is satisfied if the claim arises from the defendant's transaction of "any business within the state." N.Y. C.P.L.R. § 302(a)(1). Jurisdiction comports with due process if the defendant "avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there." Fischbarg, 880 N.E.2d at 30 (internal citation and quotations marks omitted).

The defendant, United Coal, transacted business within New York State. It is undisputed that the parties met in New York to engage in some form of contract negotiations, and the allegations of both parties make clear that they did so at that meeting. "New York courts recognize that where a defendant has entered the state, even for a day, to negotiate and execute a contract on which suit is eventually brought, [N.Y. CPLR] § 302(a)(1) confers personal jurisdiction." Chemco Int'l Leasing,

5

Inc. v. Meridian Eng'g, Inc., 590 F.Supp. 539, 541 (S.D.N.Y. 1984). Even the defendant acknowledges that it entered the state in order to negotiate a contract. (Sullivan Decl. Ex. D at Complaint ¶ 12.) Moreover, the plaintiff's claim for breach of contract clearly arises out of the transaction in New York. The claim arises out of the breach of an agreement that was negotiated in part in New York, and the breach allegedly occurred in New York. Therefore, New York's long-arm statute is satisfied.

The requirements of due process are also satisfied. By negotiating a contract in New York, and by invoking New York laws and an arbitral forum in New York, respectively, in the choice-of-law provisions and forum selection clauses of each prior Agreement, and also in the drafts of the disputed contract, which the plaintiff alleges actually reflects the contract, both parties availed themselves of the benefits of this forum, and should reasonably have expected to defend their actions here. The meeting itself represents a minimum contact with New York "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945) (internal citation omitted). Because the requirements of both the New York long-arm statute and due process are

satisfied, the Court may exercise personal jurisdiction over the defendant.

Venue is clearly proper in this district.  In a diversity case, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  As explained above, the plaintiff's claim arises out of the transaction in New York.  Therefore, a "substantial part of the events" giving rise to the claim occurred in this district, and venue is proper.  Furthermore, in light of Judge Friedman's transfer of No. 2:08 Civ. 212 to this district, it would make no sense to dismiss the case or transfer it back to the Eastern District of Virginia.  Moreover, Judge Friedman's decision is persuasive as to why the convenience of the parties and witnesses and the interests of justice support the conclusion that this case should not be transferred to the Eastern District of Virginia.  Such a decision would leave no forum to bring the claim.

CONCLUSION

The Court has considered all of the parties' arguments.  To the extent not specifically addressed the remaining arguments are either moot or without merit.  For the reasons discussed

7

above, the defendant's motions are **denied**. The Clerk is directed to close Docket No. 08 Civ. 4725.

SO ORDERED

Dated: New York, New York
September 26, 2008

_____
John G. Koeltl
United States District Court Judge